UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTICE JACKSON, | No. 2:24-cv-01122-TLN-SCR |
| Plaintiff, | |
| v. | ORDER |
| EXPERIAN, | |
| Defendant. | |

Plaintiff is proceeding pro se in this action. This matter was accordingly referred to the undersigned by operation of Local Rule 302(c)(21). Plaintiff filed a request for leave to proceed in forma pauperis ("IFP") and submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will be granted. However, in screening Plaintiff's complaint, as required by Section 1915(e)(2), the Court concludes that the complaint does not allege facts establishing federal jurisdiction and fails to state a claim. Plaintiff will be granted leave to amend the complaint.

**I. SCREENING**

**A.    Legal Standard**

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

1    Courts review the complaint that initiates the case to perform this screening function.  They are
2    guided by the Federal Rules of Civil Procedure, which are available online at
3    www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.
4         Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and
5    plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this
6    court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled
7    to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief
8    sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.
9    Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in
10   the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200),
11   Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.
12        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
13   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the
14   Court will (1) accept as true all of the factual allegations contained in the complaint, unless they
15   are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the
16   plaintiff, and (3) resolve all doubts in the plaintiff's favor.  *See Neitzke*, 490 U.S. at 327; *Von*
17   *Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert.*
18   *denied*, 564 U.S. 1037 (2011).
19        The Court applies the same rules in determining whether the complaint states a claim on
20   which relief can be granted.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the
21   allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the
22   complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a less stringent
23   standard than those drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However,
24   the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted
25   deductions of fact.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  A
26   formulaic recitation of the elements of a cause of action does not suffice to state a claim.  *Bell*
27   *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678
28   (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in *Lopez v. Smith*, 203 F.3d 1122 (9th Cir.2000)) (en banc).

### B.     The Complaint

Plaintiff's Complaint names one defendant, Experian. ECF No. 1 at 2. The Complaint does not assert a basis for federal jurisdiction. *Id.* at 3. The entire statement of Plaintiff's claim is "April-15-2024 fraudulent account." *Id.* at 5. For relief, Plaintiff states that he is seeking $100,000 and to "have all the inaccurate items information remove." *Id.* at 6. Plaintiff then attaches to the Complaint what appears to be a letter regarding the allegedly fraudulent account. *Id.* at 8. Plaintiff also attaches one page of what appears to have been a four-page letter that is addressed to him and may be from LexisNexis Consumer Center. *Id.* at 9. The letter is dated December 1, 2021. *Id.*

### C.     Analysis

The Complaint does not sufficiently plead a basis for federal jurisdiction. Plaintiff has failed to allege on the form complaint the basis for jurisdiction. From the attachments to the Complaint, it appears that Plaintiff may be attempting to assert a claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. This court would have jurisdiction to review a claim under FCRA, but Plaintiff has not sufficiently pled facts establishing the claim or jurisdictional basis. The only reference to the FCRA is in the attachments to the Complaint.

The purpose of the FCRA is "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). The FCRA regulates credit reporting agencies to guarantee that consumer information is assembled, evaluated, and disseminated with "fairness, impartiality, and

a respect for the consumer's right to privacy." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009) (quoting 15 U.S.C. § 1681(a)(4)).  The "FCRA imposes duties on the credit furnishers, which are the sources that provide information to credit reporting agencies, to ensure accurate credit reporting." *Arnold v. Bay Finance Co.*, 2023 WL 2088460 (E.D. Cal. Feb. 17, 2023).

The Complaint does not comply with Federal Rule of Civil Procedure 8(a)(1)-(2) as it does not contain a "short and plain" statement setting forth the grounds for federal jurisdiction, or a short and plaint statement showing Plaintiff's entitlement to relief.  The exact nature of what happened to Plaintiff is unclear from the Complaint, other than he complains of a "fraudulent account."  The Complaint states "April-15-2024 fraudulent account," however one of the attached documents references a credit reinvestigation in 2021.  ECF No. 1 at 5, 9.  The Court cannot tell from examining the Complaint what legal wrong was done to Plaintiff, by whom and when, or how the alleged harm is connected to the relief Plaintiff seeks.  The Complaint must put Defendant on notice of the allegations against it, so that the Defendant may adequately respond.  Plaintiff should also bear in mind that under the FCRA a plaintiff must bring his claim within "2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability." 15 U.S.C. § 1681p.

Accordingly, the complaint does not establish this Court's jurisdiction, does not comply with Rule 8, and fails to state a claim on which relief may be granted.  Rather than recommending dismissal of the action, the undersigned will provide Plaintiff an opportunity to amend the complaint to allege a proper basis for jurisdiction and facts supporting a cause of action.

## II. AMENDING THE COMPLAINT

If Plaintiff chooses to amend the complaint, the amended complaint must allege facts establishing the existence of federal jurisdiction.  In addition, it must contain a short and plain statement of Plaintiff's claims.  The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where

4

possible. Rule 10(b).  As noted above, forms are available to help plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not force the Court and the defendants to guess at what is being alleged against whom.  *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").  The amended complaint must not require the Court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." *Id.* at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." *Id.* at 1179.

Also, the amended complaint must not refer to a prior pleading in order to make Plaintiff's amended complaint complete.  An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended complaint supersedes the original complaint*. See Pacific Bell Tel. Co. v. Linkline Communications, Inc*., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff **shall have 30 days from the date of this order** to file an amended complaint that addresses the defects set forth above. The amended complaint must include a sufficient jurisdictional statement and comply with Rule 8. If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

////

3. Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

SO ORDERED.

DATED: September 15, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE